1   LAW OFFICE OF SHARON L. LAPIN
    SHARON L. LAPIN SBN 165919
2   110 LOCH LOMOND DR.
    SAN RAFAEL, CA 94901
3   PHONE:  (415) 258-1651
    e-mail:  lapinlaws@juno.com
4

5   Attorney for Plaintiff

E-filing

6

7

8   **UNITED STATES DISTRICT COURT**

9   **NORTHERN DISTRICT OF CALIFORNIA**

10

C 10   0106

11  MARTIN V. LOBATO,                          CASE NO.

12          Plaintiff,                         COMPLAINT FOR:

13  v.

14  BANK OF AMERICA FKA              1. VIOLATION OF THE TRUTH IN
    COUNTRYWIDE; CITIBANK, N.A.;        LENDING ACT (15 U.S.C. § 1601 et
15  AMERICA'S WHOLESALE LENDER;         seq.)
    CITIBANK (WEST), FSB; RECONTRUST 2. VIOLATION OF CALIFORNIA
16  COMPANY, N.A.; THE BANK OF NEW      ROSENTHAL ACT
    YORK MELLON FKA THE BANK OF      3. NEGLIGENCE
17  NEW YORK, AS TRUSTEE FOR THE     4. VIOLATION OF REAL ESTATE
    CERTIFICATEHOLDERS CWALT, INC.,     SETTLEMENT PROCEDURES ACT
18  ALTERNATIVE LOAN TRUST 2006-9TI     (12 U.S.C. § 2605 et seq.)
    MORTGAGE PASS-THROUGH           5. BREACH OF FIDUCIARY DUTY
19  CERTIFICATES, SERIES 2006-9TI;   6. FRAUD
    MORTGAGE ELECTRONIC            7. VIOLATIONS OF CALIFORNIA
20  REGISTRATION SYSTEM INC.;           BUSINESS & PROFESSIONS CODE §
    NETWORK FINANCIAL SERVICES          17200 et seq.
21  MORTGAGE; TUNG T. NGUYEN;        8. BREACH OF CONTRACT
    GLENN ARTHUR MENDELL; DEREK      9. BREACH OF IMPLIED COVENANT
22  JOHN MILLER; SERGIO ANGELES; and    OF GOOD FAITH AND FAIR
    DOES 1-20 inclusive,                DEALING
23                                   10.  WRONGFUL FORECLOSURE
            Defendants.
24                                   DEMAND FOR JURY TRIAL

25

26

27

28

                                    1
                                COMPLAINT

1    Plaintiff Martin V. Lobato ("Plaintiff"), by and through his counsel, for his Complaint

2  against Defendants Bank Of America FKA Countrywide ("BOA"), Citibank, N.A. ("Citi"),

3  America's Wholesale Lender ("AWL"), Recontrust Company, N.A. ("Recontrust"), The Bank Of

4  New York Mellon FKA The Bank Of New York, As Trustee For The Certificateholders

5  CWALT, Inc., Alternative Loan Trust 2006-9TI Mortgage Pass-Through Certificates, Series

6  2006-9TI ("BNY"), Mortgage Electronic Registration System Inc. ("MERS"), Network Financial

7  Services Mortgage ("Financial"), Tung T. Nguyen ("Nguyen"), Glenn Arthur Mendell

8  ("Mendell"), Derek John Miller ("Miller"), and Sergio Angeles ("Angeles") (collectively

9  "Defendants"), pleads as follows:

10                           **JURISDICTION AND VENUE**

11    1.    This Court has subject matter jurisdiction based on federal question under 28

12  U.S.C. §§ 1331 and 1367, 18 U.S.C. § 1964(c) and 15 U.S.C. § 1640(e).  This is an action

13  asserting violations of federal statutes commonly known as the Truth In Lending Act ("TILA")

14  (15 U.S.C. § 1601 et seq.), the Real Estate Settlement Procedures Act ("RESPA") (12 U.S.C. §

15  2601 et seq.) and its implementing regulations, 12 C.F.R. Part 226, et seq. ("Regulation Z"), with

16  additional claims under California state law.  These claims all arise out of the same controversy

17  and sequence of events.

18    2.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) in that a

19  substantial part of the events giving rise to the claim occurred in this judicial district.

20    3.    This Court has personal jurisdiction over the parties as all Defendants engage in

21  business within the State of California and the Northern District and thus have sufficient

22  contacts.

23    4.    Jurisdiction of this Court for the pendent state claims is authorized by Federal

24  Rule of Civil Procedure 18(a).

25    5.    Defendants, and each of them, regularly engage in business in the State of

26  California and regularly provide residential mortgage loans and related services to residents in

27  the State of California who wish to obtain a residential mortgage loan, and who contact or are

28  contacted by a loan officer for assistance in obtaining the necessary financing.

1    6.    Plaintiff brings this action against Defendants for damages and harm resulting

2    from the Defendants' negligent, fraudulent and unlawful conduct concerning a residential

3    mortgage loan transactions with the Plaintiff.

4                                    **PARTIES**

5    7.    The residential property, subject to this Complaint, is located at 8 Parker Drive,

6    Watsonville, County of Santa Cruz, State of California ("Property").

7    8.    Plaintiff is informed and believes, and thereon alleges that at all times mentioned

8    in this Complaint, Defendant BOA is a diversified financial marketing and/or services

9    corporations engaged primarily in residential mortgage banking and/or related businesses.

10   Plaintiff believes that Defendant BOA is a residential mortgage loan servicer.  Defendant BOA

11   represented to Plaintiff that it had the right to service Plaintiff's first residential mortgage loan

12   and demand mortgage payments from Plaintiff.

13   9.    Plaintiff is informed and believes, and thereon alleges that at all times mentioned

14   in this Complaint, Defendant Citi is a diversified financial marketing and/or services

15   corporations engaged primarily in residential mortgage banking and/or related businesses.

16   Plaintiff believes that Defendant Citi is a residential mortgage loan servicer.  Defendant Citi

17   represented to Plaintiff that it had the right to service Plaintiff's second residential mortgage loan

18   and demand mortgage payments from Plaintiff.

19   10.   Plaintiff is informed and believes, and thereon alleges that at all times mentioned

20   in this Complaint, Defendant AWL is a diversified financial marketing and/or services

21   corporations engaged primarily in residential mortgage banking and/or related businesses.

22   Defendant AWL is believed to be residential mortgage lender and was the original lender for

23   Plaintiff's first residential mortgage loan.

24   11.   Plaintiff is informed and believes, and thereon alleges that at all times mentioned

25   in this Complaint, Defendant Citi is a diversified financial marketing and/or services

26   corporations engaged primarily in residential mortgage banking and/or related businesses.

27   Defendant Citi is believed to be residential mortgage lender and was the original lender for

28   Plaintiff's second residential mortgage loan.

12.     Plaintiff is informed and believes, and thereon alleges that at all times mentioned in this Complaint, Defendant BNY diversified financial marketing and/or services corporations engaged primarily in residential mortgage banking and/or related businesses.  Defendant BNY is believed to be the trustee of a securitized trust that alleges to own Plaintiff's Property.

13.     Plaintiff is informed and believes, and thereon alleges that at all times mentioned in this Complaint, Defendant Recontrust is a diversified financial marketing and/or services corporations engaged primarily in residential mortgage banking and/or related businesses.  Defendant Recontrust is believed to be employed by Defendants BOA and Citi to foreclose on Plaintiff's Property.

14.     Defendant MERS is a Delaware corporation engaged in the business of holding title to mortgages.  It does business in California as evidenced by inclusion of its name on the two Deeds of Trust.  Defendant MERS was not registered to do business in California, and its agent for service of process resigned March 25, 2009.  The Deed of Trust in this case states:

> "The beneficiary of this security instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS.  This security instrument secures to Lender (i) repayment of the Loan and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and Note.  For this purpose, the Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale the following described property.

15.     Defendant MERS' conduct, with respect to the Promissory Note and the Deed of Trust in this case, is governed by "MERS Terms and Conditions" applicable to Defendants which state that:

> "MERS shall serve as mortgagee of record with respect to all such mortgage loans solely as a nominee, in an administrative capacity, for the beneficial owner or owners thereof from time to time.  MERS shall have no rights whatsoever to any payments made on account of such mortgage loans, to any servicing rights related to such mortgage loans, or to any mortgaged properties securing such mortgage loans. MERS agrees not to assert any rights (other than rights specified in the Governing Documents) with respect to such mortgage loans or mortgaged properties. References herein to "mortgage(s)" and "mortgagee of record" shall include deed(s) of trust and beneficiary under a deed of trust and any other form of security instrument under applicable state law."

16.     As a result of said express conditions, and pursuant to California Commercial

1   Code §§ 1201(21), 3301, and 3309, Defendant MERS has no beneficial interest or right to

2   enforce the terms of the two Promissory Notes, because it is not in possession of the two

3   Promissory Notes, and has no authority to conduct a non-judicial foreclosure sale.

4        17.    At all times mentioned in this Complaint, Defendants Financial, Nguyen,

5   Mendell, Miller and Angeles sold Plaintiff the two mortgages involved herein.

6        18.    At all times mentioned in this Complaint, Defendant Angeles was the loan officer

7   who sold Plaintiff the two mortgages at issue.  At that time, Defendant Angeles was licensed by

8   the California Department of Real Estate as a salesperson.  Defendant Angeles held himself out to

9   Plaintiff as a loan officer employed by Defendant Financial, and was acting within the course and

10  scope of that employment when he came into contact with Plaintiff and sold Plaintiff the two

11  mortgages at issue.

12       19.    At all times mentioned in this Complaint, Defendant Nguyen was a real estate

13  Brokers licensed by the State of California Department of Real Estate, and the Brokers of record

14  for Defendant Financial.

15       20.    At all times mentioned in this Complaint, Defendant Mendell was a real estate

16  Brokers licensed by the State of California Department of Real Estate, and the Brokers of record

17  for Defendant Financial.

18       21.    At all times mentioned in this Complaint, Defendant Miller was a real estate

19  Brokers licensed by the State of California Department of Real Estate, and the Brokers of record

20  for Defendant Financial.

21       22.    Plaintiff is ignorant of the true names and capacities of the Defendants sued herein

22  under the fictitious names Does 1 through 20, inclusive, and Plaintiff will amend this Complaint

23  to allege such names and capacities as soon as they are ascertained.  Plaintiff is informed and

24  believes, and thereon alleges that each of said fictitiously named Defendants are responsible in

25  some manner for the wrongful acts complained of herein.

26       23.    Defendants, and each of them, at all relevant times herein were and still are agents

27  for one another, and acting under the course and scope thereof, with knowledge and consent of

28  each other.

**GENERAL ALLEGATIONS**

24.    This action arises out of two loan related activities to the Property of which the Plaintiff is the rightful owner.

25.    Beginning in 1998 and continuing through 2009, lenders, including Defendants AWL and Citi, their agents, employees, and related servicers, including Defendants BOA, Citi, BNY, and MERS, developed a scheme to rapidly infuse capital into the home mortgage lending system by selling mortgages on the secondary market, normally three to five times, to create a bankruptcy remote transaction. The lenders, including Defendants AWL and Citi, their agents, employees, and related servicers, including Defendants BOA and Citi, then pooled these mortgages into large trusts, securitizing the pool and selling these securities on Wall Street as mortgage backed securities, bonds, derivatives and insurances, often for twenty or thirty times the original mortgage. Such facts are so well known as to be Judicially Noticeable under Federal Rule of Evidence 201 and California Evidence Code §§ 451 and 452.

26.    In selling these mortgage notes on the secondary market, Defendants AWL and Citi, along with other Doe Defendants and Defendant MERS, failed to follow the basic legal requirements for the transfer of a negotiable instrument and an interest in real property, including, but not limited to, written assignments of the note and deed of trust, delivery of the deed of trust, or endorsements of the note by the owner of the notes, Plaintiff's two Notes and two Deeds of Trust included.

27.    In fact, no interest in Plaintiff's two Mortgage Notes, two Deeds of Trust or Property was ever legally transferred to any of the named Defendants, and that the named Defendants, as well as the Doe Defendants, are in effect straw men, and parties without any standing before this Court to assert legal rights with respect to this contractual transaction.

28.    Defendants BOA and Citi thus could not have been given the right to service Plaintiff's two loans. Accordingly, Plaintiff alleges Defendants BOA's and Citi's representations to Plaintiff that they have the right to service Plaintiff's two loans were and are fraudulent.

29.    Due to Defendant MERS' failure to observe the applicable legal requirements for the transfer of a negotiable instruments and interests in real property, Defendant MERS did not

1  acquire any interest in Plaintiff's Property.

2       30.    Defendant Recontrust, as agent for Defendants BOA and Citi or other Doe

3  Defendants, due to the failures noted above, was not legally entitled to initiate foreclosure

4  proceedings against Plaintiff's Property.

5       31.    Further, as this process became more and more profitable, the underwriting

6  requirements were repeatedly reduced to ensure more and more unsuspecting borrowers.  As the

7  lenders reduced the underwriting requirements, they introduced the concept of "churning" loans

8  involving a calculated plan to repeatedly refinance borrower's loans, taking as much equity as

9  possible, and artificially driving up housing prices.  In this case, Defendants Financial, Nguyen,

10  Mendell, Miller, and Angeles, in concert with Defendants AWL and Citi, placed Plaintiff into two

11  predatory loans with toxic terms with the ultimate objective of forcing Plaintiff to refinance their

12  loans in the near future for each of these Defendants' financial gain.

13       32.    Lenders, Defendants AWL and Citi included, regularly trained, directed,

14  authorized and/or participated with mortgage brokers to implement this scheme, giving them

15  monetary incentives to violate the borrowers' trust.

16       33.    Finally, Lenders, Defendants AWL and Citi included, along with secondary market

17  buyers, identified herein as Doe Defendants, would then conspire with servicers, such as

18  Defendants BOA and Citi, to secrete the fraudulent transfers of Plaintiff's two loans, as noted

19  above, from Plaintiff, and to illegally extort monies from the Plaintiff with the threat of negative

20  credit reporting and foreclosure.

21       34.    On or about October 13, 2005, Defendant Angeles approached Plaintiff telling him

22  that he was the loan officer for Defendant Financial, and solicitedhim to purchase his residence.

23       35.    Defendant Angeles advised Plaintiff that he could get him the "best deal" and the

24  "best interest rates" available on the market.  Defendant Angeles knew or should have known that

25  these assurances were false and misleading.

26       36.    At the time of these two loans, Plaintiff could fully document his income and

27  should have been classified as "Prime" borrower.  At the time of these two loans, Plaintiff had a

28  FICO score of 725, placing him into the "Prime" borrowers category.  Plaintiff is now informed

1    and believes, and thereon alleges that Defendant Angeles classified Plaintiff as "Sub-Prime"

2    borrower and did not disclose other loan program options.  Plaintiff was told by Defendant

3    Angeles that the two mortgage loans at issue were the only two mortgage loans program Plaintiff

4    could qualify for.  Plaintiff is now informed and believes, and thereon alleges that he could have

5    qualified for a better loan program and was placed in a sub-prime program simply to enhance the

6    commissions and fees payable to Defendants.

7    　　　　37.　　When Plaintiff applied for these two loans, he accurately described his income and

8    provided Defendant Angeles with documentation of his income including tax returns, bank

9    statements, W-2s and 1099s.  Plaintiff is now informed and believes, and thereon alleges that his

10   income was overstated on the loan application by Defendant Angeles, without his knowledge or

11   permission.  Plaintiff had an income of $3,206.67 per month and the loan application stated

12   Plaintiff had an income of $11,375.00 at the time these two loans were made.

13   　　　　38.　　The standard housing and debt to income ratios are 33% for housing and 38% for

14   debt to income.  Based on the Plaintiff's monthly income of $3,206.67 and using the minimum

15   mortgage payment for the first loan $3,148.75, and the second loan of $534.80 and $571.15 (real

16   estate taxes and hazard insurance), the housing ratio was 132.00% and the debt to income ratio

17   was 132.00%.  Using the fully indexed rate of 6.875% (based on principal and interest) makes the

18   fully indexed payment $4,219.90 for the first loan and $534.80 for the second loan, and $571.15

19   (real estate taxes and hazard insurance). Using the fully indexed payment of $5,325.85, the

20   housing ratio was 166%, and the debt to income ratio was 166%.

21   　　　　39.　　Based on the Plaintiff's monthly income of $3,206.67 and using the minimum

22   mortgage payments of $1,233.93, the housing ratio was 47.00% and the debt to income ratio was

23   47.00%. Using the fully amortized and/or fully indexed mortgage payments of $2,236.02, the

24   housing ratio was 85.00% and the debt to income ratio was 85.00%.  Based on the overstated

25   monthly income of $6,000.00 and using the minimum mortgage payments of $1,233.93, the

26   housing ratio was 21.00% and the debt to income ratio was 21.00%.

27   　　　　40.　　Defendant Angeles advised Plaintiff that he could get him 100% financing for her

28   residence, and that his loans would be a fixed rate loans for 30 years.  However, Defendant

1  Angeles actually sold Plaintiff two loans.  The first loan with an interest rate of 6.875% and a

2  second loan with an interest rate of 5.75%.

3       41.    Plaintiff is not a native of the United States and his English skills, both verbal and

4  written, were limited, something Defendant Angeles knew or should have known.  Plaintiff's

5  native language is Spanish.  Unfortunately, Plaintiff was not supplied a translator at any stage of

6  these transactions.

7       42.    The facts surrounding these loan transactions were purposefully hidden to prevent

8  Plaintiff from discovering the true nature of these transactions and the documents involved

9  therein.  Facts surrounding these transactions continue to be hidden from the Plaintiff to this day.

10       43.    Defendant Angeles further advised Plaintiff that if the loans ever became

11  unaffordable, he would simply refinance it into an affordable loan, something Defendant Angeles

12  knew or should have known was false and misleading.

13       44.    Defendants Angeles, Financial, Nguyen, Mendell, and Miller knew or should have

14  known that these false and material misrepresentations were designed to induce Plaintiff to accept

15  these two loans to his detriment.

16       45.    Plaintiff was not given a copy of any of the loan documents prior to closing as

17  required.  At closing, Plaintiff was only given a few minutes to sign the documents.  The notary

18  did not explain any of the loan documents nor was Plaintiff allowed to review them.  Plaintiff was

19  simply told to sign and initial the documents provided by the notary.  Further, Plaintiff did not

20  receive the required copies of a proper notice of cancellation.

21       46.    On or about January 13, 2006, Plaintiff completed the loan on the Property. The

22  terms of the two loans were memorialized in two Promissory Notes, which was secured by two

23  Deeds of Trust on the Property.  The first Deed of Trust identified CTC Foreclosure Services

24  Corporation Trustee Services Corporation as Trustee, and Defendant AWL as Lender.  The

25  second Deed of Trust identified Verdugo Trustee Services Corporation as Trustee, and Defendant

26  Citi as Lender.

27       47.    The first Deed of Trust also identified Defendant MERS as nominee for the Lender

28  and Lender's successors and assigns, and the beneficiary.  Defendant MERS has no standing in

1  this forum.  It is not licensed to be and/or act as a nominee or a beneficiary of any of the

2  Defendants, nor does its Terms and Conditions, enumerated above, permit Defendant MERS to

3  act in such capacity.  Defendant MERS was developed to be a document storage company, not a

4  nominee or a beneficiary of any of the Defendants.  Therefore, the Deed of Trust must fail.

5  Further, Defendant MERS was not licensed to do business in the State of California, and was not

6  registered with the State of California at the inception of the two loans involved herein.

7      48.    Subsequent to the closing of Plaintiff's two residential mortgage loans, Defendants

8  BOA and Citi began demanding mortgage payments.  However, Defendants BOA and Citi did not

9  give owner notice that it aquired servicing rights, as required under 12 U.S.C § 2605(c).

10     49.    Plaintiff remitted payments demanded by Defendants BOA and Citi.  The

11  payments demanded monthly ranged from 4,254.70 to 5,325.85.

12     50.    On or about April 15, 2009, a Notice of Default was filed in Santa Cruz County,

13  California, by Defendant Recontrust.  This notice, however, identified Defendant Recontrust as

14  either the original Trustee (which it was not), the substitute Trustee or acting as agent for the

15  Beneficiary under the Deed of Trust.  The notice failed to explain when, how or under what

16  authority Defendant Recontrust became a substitute Trustee or an agent for the Beneficiary.

17     51.    On or about August 27, 2009, Defendant Recontrust noticed the Trustee Sale of the

18  Property.  This notice now identified Recontrust as the duly appointed Trustee under the Deed of

19  Trust.  Again, the notice failed to explain when, how or under what authority Defendant

20  Recontrust was appointed Trustee.  Plaintiff alleges both the Notice of Default and the Notice of

21  Trustee Sale are defective.

22     52.    On or about September 21, 2009, back dated to September 14, 2009, Defendant

23  Recontrust issued and recorded a Trustee's Deed Upon Sale to Defendant BNY, which identified

24  Defendant BNY as the foreclosing beneficiary.

25     53.    On or about September 21, 2009, back dated to September 14, 2009, an

26  Assignment of Deed was recorded by MERS as nominee for lender and lenders successors and

27  assigns, in the Santa Cruz County, California, Recorder's Office stating that Defendant BNY, all

28  beneficial interest under that certain first Deed of Trust recorded date of January 13, 2006.

54.     On or about November 13, 2009, a Qualified Written Request under RESPA ("QWR" or "Request") was mailed to Defendant BOA.  The QWR properly identified the Plaintiff, identified the loans in question, a statement of reasons for Plaintiff's belief that the account was in error due to fraud at the inception of the two loans, improper charges added to the loans, the improper increase in the principal balance of Plaintiff's two loans, and requested specific servicing related information from Defendant BOA.  The QWR included a demand to rescind the loans under the TILA provisions.  Defendant BOA has yet to properly respond to this Request.

55.     On or about November 18, 2009, a Qualified Written Request under RESPA ("QWR" or "Request") was mailed to Defendant Citi.  The QWR properly identified the Plaintiff, identified the loans in question, a statement of reasons for Plaintiff's belief that the accounts were in error due to fraud at the inception of the two loans, improper charges added to the two loans, the improper increase in the principal balance of Plaintiff's two loans, and requested specific servicing related information from Defendant Citi.  The QWR included a demand to rescind the loans under the TILA provisions.  Defendant Citi has yet to properly respond to this Request.

56.     Plaintiff alleges that none of the named Defendants is a "person entitled to enforce" the security interest under the Note and the Deed of Trust, as defined in California Commercial Code § 3301.  Defendants AWL and Citi, in concert with other Doe Defendants and Defendant MERS sold Plaintiff's first home loan to other financial entities, which "pooled" large numbers of loans, put them into trusts, and sold securities based on Plaintiff's loans.  None of the named Defendants own the loan subject to this action, and none are entitled to enforce the security interest.

57.     Defendants AWL and Citi regularly approved loans to unqualified borrowers, Plaintiff included, and implemented unlawful lending practices.  Further, Defendants AWL and Citi employed brokers and loan officers, including Defendants Financial Nguyen, Mendell, and Miller and Angeles, who were paid commissions based on the volume of loans they sold to consumers, Plaintiff included.  Defendants AWL's and Citi's loan officers received a greater commission or bonus for placing borrowers in loans with relatively high yield spread premiums.

1 As such, borrowers, Plaintiff included, were steered and encouraged into loans with terms

2 unfavorable to them, or loans which the borrowers, Plaintiff included, were not qualified to

3 obtain.

4      58.     Defendants BOA and Citi, in concert with other Doe Defendants and Defendant

5 MERS, are now attempting to obtain putative legal title to Plaintiff's Property without having

6 established that any of them was ever a "person entitled to enforce" the security interest under the

7 Note and the Deed of Trust.

8      59.     Each of the named Defendants, in fact, is not a "person entitled to enforce" said

9 interest. No legal transfer of the two Mortgage Notes, both Deeds of Trust or any other interest in

10 Plaintiff's Property was ever effected that gave any of the Defendants the right to be named a

11 trustee, mortgagee, beneficiary or an authorized agent of trustee, mortgagee or beneficiary of

12 Plaintiff's two Mortgage Notes, both Deeds of Trust or any other interest in Plaintiff's Property.

13      60.     Plaintiff entered into two loan transactions with Defendants AWL and Citi, which

14 were subject to finance charges, and which were initially payable to Defendants AWL and Citi

15 under the two Deeds of Trust.

16      61.     Plaintiff's two loan are subject to TILA provisions and its implementing

17 regulations, 12 C.F.R. Part 226 ("Regulation Z").

18      62.     When the two loans were consummated, Plaintiff did not receive the required

19 documents and disclosures, including, but not limited to the TILA disclosure.

20      63.     Under TILA and Regulation Z, Defendants were required to clearly and

21 conspicuously disclose the "amount financed" and the "finance charge," among other things, in

22 connection with the two loans.

23      64.     Defendants AWL, Citi and Defendants Nguyen, Mendell, and Miller, as agents of

24 the Lender, were required to provide Plaintiff with said disclosures, but failed to do so.

25      65.     Further, Defendants BOA and Citi fraudulently added costs and charges to the

26 payoff amount of the two Notes that were not justified or proper under the terms of the two Notes

27 or the law.

28      66.     In pursuing the non-judicial foreclosure, Defendants BOA, Citi, Recontrust,

1  MERS, and other Doe Defendants, represented that they have the right to payment under the

2  Mortgage Note, payment of which was secured by the Deed of Trust.  Whereas in fact, Defendants

3  BOA, Citi, Recontrust, MERS, and other Doe Defendants, and each of them, are not the real

4  parties in interest because they are not the legal trustee, mortgagee or beneficiary, nor are they

5  authorized agents of the trustee, mortgagee or beneficiary, nor are they in possession of the Note,

6  or holders of the Note, or non-holders of the Note entitled to payment, as required by the

7  California Commercial Code §§ 3301 and 3309, and California Civil Code § 2924 et seq.

8  Therefore, Defendants BOA and Citi, Recontrust, MERS, and other Doe Defendants instituted

9  foreclosure proceedings against Plaintiff's Property without rights under the law.

10       67.     Named Defendants engaged in a civil conspiracy where by they secreted the nature

11  of the misdeeds alleged herein, the roles and identities of the various entities that were purportedly

12  handling the two loans at any given time, and the transfers of the loan documents and negotiable

13  instruments that are the subject of this action.

14       68.     Defendant Angeles misrepresented material facts at the inception of the two loans

15  with the intent of forcing Plaintiff to either pay large sums of money to the Defendants Financial,

16  Nguyen, Mendell, Miller, Angeles, AWL, and Citi to which they were not entitled, or to abandon

17  the Property to a foreclosure sale, resulting in profit for all the named Defendants.

18       69.     Defendants BOA and Citi misrepresented material facts regarding its right to

19  service Plaintiff's two loans and demanded payments from Plaintiff, with the intent of forcing

20  Plaintiff to pay large sums of money to the Defendants BOA and Citi to which they were not

21  entitled, or to abandon the Property to a foreclosure sale, resulting in profit for Defendants BOA

22  and Citi.

23       70.     The misrepresentations and allegations stated herein were all discovered within the

24  past year, such that any applicable statute of limitations are extended or should be extended

25  pursuant to the equitable tolling doctrine or other equitable principles.  Even through the exercise

26  of reasonable diligence, Plaintiff would still not have been able to learn of or file his claim on

27  time.

28  ///

# FIRST CAUSE OF ACTION

## VIOLATION OF TRUTH IN LENDING ACT

### 15 U.S.C. § 1601 et seq.

### (Against Defendants AWL and Citi)

71.    Plaintiff incorporates here each and every allegation set forth above.

72.    The two loan transactions at issue is a consumer credit transaction subject to the provisions of TILA.

73.    In the course of the transaction described herein, Defendants AWL and Citi violated TILA by failing to provide required disclosures prior to consummation of the transaction as required by 15 U.S.C. § 1638,  failed to make required disclosures clearly and conspicuously in writing as required by 15 U.S.C § 1632(a), 12 C.F.R § 226.5(a)(1), failed to timely deliver to Plaintiff TILA notices as required by 15 U.S.C. § 1638(b), and failed to disclose all finance charge details, the annual percentage rate based upon properly calculated and disclosed finance charges and amounts financed as defined by 15 U.S.C. § 1602(u).

74.    Records from the transaction indicate that Defendants AWL and Citi extended credit to Plaintiff without regard to his ability to pay, and falsified requisite income and appraisal information to get the two loans approved.  Defendants AWL and Citi have engaged in a pattern and practice of extending credit to consumers, Plaintiff included, under high rate mortgages without regard to the consumers' repayment ability or the actual value of the property.

75.    Had Defendants AWL and Citi properly and fully disclosed the terms of these two loans pursuant to TILA, Plaintiff would not have agreed to enter into these two loans transactions or would have sought loans with more favorable terms elsewhere.

76.    Defendants AWL and Citi are liable to the Plaintiff in the amount of twice the finance charge, actual damages to be established at trial, and costs in accordance with 15 U.S.C. § 1640(a).

77.    As a result of Defendants AWL's and Citi's conduct, Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial, which he is entitled to recover.

78.    As a result of Defendants AWL's and Citi's conduct, Plaintiff is entitled to

1  declaratory and injunctive relief preventing Defendants AWL and Citi from taking any action to

2  collect on the two loans, and/or to foreclose upon the Property, and/or to transfer the Property.

## SECOND CAUSE OF ACTION

## VIOLATION OF CALIFORNIA ROSENTHAL ACT

## CALIFORNIA CIVIL CODE § 1788 et seq.

### (Against Defendants BOA and Citi)

7  79.  Plaintiff incorporates here each and every allegation set forth above.

8  80.  Plaintiff alleges that Defendants are debt collector within the meaning of the

9  Rosenthal Act in that they regularly, in the course of their business, on behalf or themselves or

10  others, engage in the collection of debt.

11  81.  Defendants BOA and Citi used unfair and unconscionable means to collect a debt

12  not owed to Defendants BOA and Citi or its principal by sending deceptive letters and making

13  phone calls to Plaintiff demanding payment.

14  82.  Defendants BOA and Citi made false reports to credit reporting agencies about

15  Plaintiff's credit standing, falsely stating the amount of Plaintiff's two mortgage debts, falsely

16  stating that a debt was owed to Defendants BOA and Citi, and falsely stating Plaintiff's payment

17  history.

18  83.  Further, Defendants BOA and Citi increased the amount of Plaintiff's two

19  mortgage debts by stating amounts not permitted by law or contract, including, but not limited to,

20  excessive service fees, attorneys' fees, and late charges.

21  84.  Defendants' actions have caused Plaintiff actual damages, including, but not

22  limited to, severe emotional distress, such as loss of appetite, frustration, fear, anger, helplessness,

23  nervousness, anxiety, sleeplessness, sadness and depression.

24  85.  As a result of Defendants' violations, Plaintiff is entitled to statutory damages in an

25  amount to be determined at trial, actual damages according to proof, and costs and reasonable

26  attorneys' fees.

27  ///

28  ///

# THIRD CAUSE OF ACTION

## NEGLIGENCE

### (Against all Defendants)

86.     Plaintiff incorporates here each and every allegation set forth above.

87.     Defendants Financial, Nguyen, Mendell, Miller, and Angeles owed a duty to the Plaintiff to exercise reasonable skill and care in the exercise of the agency duties for the Plaintiff's benefit and best interest and to perform acts as brokers of loans in such a manner as to not cause Plaintiff harm.

88.     Defendants Financial, Nguyen, Mendell, Miller, and Angeles breached their duty to the Plaintiff when they used their knowledge and skill to direct Plaintiff into two loans for which he was not qualified based upon his income as stated in the documents provided to Defendants Financial, Nguyen, Mendell, Miller, and Angeles.

89.     Defendants Financial, Nguyen, Mendell, Miller, and Angeles further breached their duty to Plaintiff by directing him into two loan transactions that they may not have otherwise qualified for by industry standards, resulting in excessive fees paid by the Plaintiff and payments in excess of Plaintiff's ability to pay.

90.     Defendants AWL and Citi directly ordered, authorized and participated in Defendants Financial's, Nguyen's, Mendell's, Miller's, and Angeles' conduct.  As a result, Defendants AWL and Citi owed a duty to the Plaintiff to perform acts in such a manner as to not cause Plaintiff harm.  In addition,  Defendants AWL and Citi breached their duty of care to the Plaintiff when they failed to make the required disclosures to the Plaintiff, failed to maintain the original Mortgage Note, and failed to properly assign or transfer the negotiable instrument(s).

91.     Defendants BOA and Citi owed Plaintiff a duty of due care.  Defendants BOA and Citi breached their duty of care to the Plaintiff when they took payments to which they were not entitled, charged fees they were not entitled to charge, and wrongfully made or otherwise authorized negative reporting of Plaintiff's creditworthiness to various credit bureaus. Additionally, Defendants BOA and Citi had a statutory duty to Plaintiff to properly respond to Plaintiff's Qualified Written Request pursuant to 12 U.S.C. § 2605(e), and to give Plaintiff notice

1   of the transfer of the servicing rights to their two loans pursuant to 12 U.S.C. § 2605(c).

2        92.    Defendant MERS owed Plaintiff a duty to perform its administrative function

3   recording, maintaining and transferring documents as it relates to Plaintiff's two loans in a manner

4   not to cause Plaintiff harm. Defendant MERS breached its duty to Plaintiff when it failed to

5   receive, maintain or transfer the negotiable instrument related to Plaintiff's two loans,

6   communicated false information to others regarding Plaintiff's two loans, and authorized others to

7   collect payments on Plaintiff's two mortgages and commence foreclosure proceedings.

8        93.    As a result of Defendants' negligence, Plaintiff suffered and continues to suffer

9   harm, and is entitled to damages according to proof and/or other relief as the Court deems just.

10   **FOURTH CAUSE OF ACTION**

11   **VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT**

12   **12 U.S.C. § 2605 et seq.**

13   **(Against Defendants BOA, AWL and Citi)**

14        94.    Plaintiff incorporates here each and every allegation set forth above.

15        95.    The two loan transactions between Plaintiff and Defendants are two mortgage

16   loans covered by RESPA.

17        96.    A violation of RESPA is also made unlawful under California state law by

18   Financial Code § 50505, which states: "[a]ny person who violates any provision of [RESPA] or

19   any regulation promulgated thereunder, violates this division [California Residential Mortgage

20   Lending Act]."

21        97.    Plaintiff is not certain at this time exactly which of Defendants was actually the

22   servicer of the loans at any given time. Pursuant to 12 U.S.C. §§ 2605(b) and 2605(c),

23   Defendants AWL, BOA, and Citi had a statutory obligation to notify Plaintiff, within 15 days, of

24   the assignment, sale, or transfer of the servicing rights to Plaintiff's two loans. Defendants AWL,

25   BOA, and Citi failed to provide Plaintiff notice of the assignment, sale, or transfer of servicing

26   rights to Plaintiff's two loans.

27        98.    Defendants AWL and Citi violated RESPA at the time of the closing of the two

28   loans subject to this Complaint by failing to correctly and accurately comply with the disclosure

1  requirements of 12 U.S.C § 2601 et seq. and Regulation X.

2      99.    Plaintiff had served Defendants BOA and Citi a QWR that identified Plaintiff's

3  name, both loan numbers, and a statement of reasons for Plaintiff's belief that the two loans were

4  in error.  Plaintiff's QWR, among other things, also sought rescission of the two loans and

5  requested production of service related documents.  Defendants BOA and Citi violated RESPA,

6  12 U.S.C. § 2605(e)(2), by failing and refusing to provide a proper written explanation or

7  response to Plaintiff's QWR.

8      100.    Defendants AWL and Citi further violated 12 U.S.C. § 2607 by receiving

9  "kickbacks" or referral fees disproportional to the work performed.

10      101.    Defendants BOA and Citi violated RESPA, 12 U.S.C. § 2605(e)(2)(A), by failing

11  to make appropriate corrections to Plaintiff's two accounts in response to the QWR, including the

12  crediting of any late charges or penalties and failing to transmit written notice of such corrections

13  to Plaintiff.

14      102.    Defendants BOA and Citi violated RESPA, 12 U.S.C. § 2605(e)(2), by refusing to

15  cease its collection efforts after receiving Plaintiff's QWR.

16      103.    Defendants BOA and Citi violated RESPA, 12 U.S.C. § 2605(e)(3), by providing

17  information to consumer reporting agencies regarding overdue payments allegedly owed by

18  Plaintiff that were related to their QWR.

19      104.    As a result of Defendants BOA's, Citi's, and AWL's failure to comply with

20  RESPA, Plaintiff has suffered and continues to suffer damages and costs of suit. Plaintiff is

21  entitled to recover statutory damages, actual damages in an amount to be determined at trial, and

22  costs and reasonable attorneys' fees.

23                 **FIFTH CAUSE OF ACTION**

24               **BREACH OF FIDUCIARY DUTY**

25     **(Against Defendants Angeles, Financial, AWL, Citi, Nguyen, Mendell, and Miller)**

26      105.    Plaintiff incorporates here each and every allegation set forth above.

27      106.    Defendants Angeles, Nguyen, Mendell, Miller, Financial, AWL, and Citi were all

28  agents for the Plaintiff by express and implied contract and by operation of law.

107.    Defendants AWL and Citi gained a fiduciary duty to Plaintiff by directly ordering, authorizing and participating in Defendants Angeles', Financial's, Nguyen's, Mendell's, and Miller's tortious conduct.

108.    Defendants AWL and Citi regularly trained, directed, authorized and participated with mortgage brokers to implement this scheme, including giving them monetary incentives to violate the borrowers' trust.

109.    Plaintiff hired Defendants Financial, Nguyen, Mendell, Miller, and Angeles as his agents for the purpose of obtaining a loan to purchase the Property.

110.    Pursuant to an agreement between the parties, Plaintiff agreed to pay Defendants Financial, Nguyen, Mendell, Miller, and Angeles a commission from the proceeds of his two loans and agreed to pay Defendants AWL and Citi substantial fees to originate his two loans.

111.    Defendants Financial, Nguyen, Mendell, Miller, and Angeles, by and through their agents, and Defendants AWL and Citi through their interjection into the brokerage of the two loans as described above, owed a fiduciary duty to the Plaintiff to act primarily for his benefit, to act with proper skill and diligence, and not to make a personal profit from the agency at the expense of their principal, the Plaintiff.

112.    As Plaintiff's agents, Defendants Angeles, Nguyen, Mendell, Miller, Financial, AWL, and Citi owed Plaintiff a duty of loyalty and a duty to deal fairly with him at all times.

113.    Defendants Angeles, Nguyen, Mendell, Miller, Financial, AWL and Citi willfully or recklessly breached their fiduciary duty and duty of loyalty by obtaining two mortgage loans for him that had unfavorable terms and that he could not ultimately afford, by not disclosing the negative consequences of said loans, by securing a secret profit for themselves, by not properly complying with TILA and RESPA requirements, and by engaging in unfair business practices.

114.    Defendants AWL and Citi, through their own actions, interfered with Defendants Angeles', Nguyen's, Mendell's, and Miller's fiduciary obligations by offering Defendants Nguyen, Mendell, Miller and Angeles, respectively, training, direction and incentives to breach their fiduciary duty by means of creating and participating in a scheme that created an illusion to consumers that they are being informed of all of the material facts, when in fact they are not.

115. Defendants Nguyen, Mendell, and Miller, through their actions, interfered with Defendant Angeles' fiduciary obligations by offering Defendant Angeles training, direction and incentives to breach his fiduciary duty by means of creating and participating in a scheme that created an illusion to consumers that they are being informed of all of the material facts, when in fact they are not.

116. Plaintiff has been damaged as a result of Defendants' breach, and is entitled to actual damages.

117. Defendants consciously disregarded Plaintiff's rights, deliberately breaching their respective fiduciary duties, showing willful misconduct, malice, fraud, wantonness, oppression and entire want of care, thus authorizing the imposition of punitive damages pursuant to California Civil Code § 3294.

## SIXTH CAUSE OF ACTION

### FRAUD

### (Against all Defendants)

118. Plaintiff incorporates here each and every allegation set forth above.

119. As alleged herein, Defendants Angeles, Nguyen, Mendell, Miller, and Financial made false representations to Plaintiff regarding material facts, including but not limited to, interest rates, financing options, availability of refinancing, and Plaintiff's qualification for these two loans, at the inception of these two transactions, designed to fraudulently induce Plaintiff to enter into these two transactions.

120. As alleged herein, Defendants AWL and Citi regularly trained, directed, authorized and participated with mortgage brokers to implement this fraudulent scheme, training brokers and loan officers, including Defendants Angeles, Nguyen, Mendell, Miller, and Financial to direct unsuspecting borrowers, Plaintiff included, into two toxic loans, giving brokers direction as to which toxic loans to direct borrowers into, directing their underwriters to approve loans to these unqualified borrowers and giving the brokers and loan officers monetary incentives to violate the borrower's trust.

121. As alleged herein, Defendants BOA and Citi misrepresented to Plaintiff that

1  Defendants BOA and Citi have the right to collect monies from Plaintiff on their behalf or on

2  behalf of others when Defendants BOA and Citi had no legal right to collect such monies.

3       122.   As alleged herein, Defendant MERS misrepresented to Plaintiff on the first Deed

4  of Trust that it is a qualified beneficiary with the ability to assign or transfer the first Deed of

5  Trust and/or the first Note and/or substitute trustees under the first Deed of Trust.  Further,

6  Defendant MERS misrepresented that it followed the applicable legal requirements to transfer the

7  first Note and Deed of Trust to subsequent beneficiaries.

8       123.   As alleged herein, Defendant Recontrust misrepresented to Plaintiff that

9  Recontrust was entitled to enforce the security interest and has the right to institute a non-judicial

10 foreclosure proceeding under the first Deed of Trust when they filed a Notice of Default on April

11 15, 2009.  In fact, Defendant Recontrust was not a trustee, mortgagee or beneficiary, nor are they

12 authorized agents of the trustee, mortgagee or beneficiary, nor are they in possession of the Notes,

13 or holders of the Notes, or non-holders of the Notes entitled to payment, as required by California

14 Commercial Code §§ 3301 and 3309.  As a result, Defendant Recontrust did not have the right to

15 initiate foreclosure proceeding herein under California Civil Code § 2924 et seq.

16      124.   These material representations made by the named Defendants were false.

17      125.   The named Defendants knew that these material representations were false when

18 made, or these material representations were made with reckless disregard for the truth.

19      126.   The named Defendants intended that Plaintiff rely on these material

20 representations.

21      127.   Plaintiff reasonably relied on said representations.

22      128.   As a result of Plaintiff's reliance, he was harmed and suffered damages.  Plaintiff's

23 reliance on Defendants' false material representations was a substantial factor in causing Plaintiff

24 harm.

25      129.   Additional evidentiary facts constituting fraud in this matter are within named

26 Defendants' knowledge and possession and have been secreted by named Defendants.

27      130.   These named Defendants, and each of them, conspired together to perpetrated the

28 fraud alleged herein over the course of several years.

131.   These named Defendants are guilty of malice, fraud and/or oppression, as defined in California Civil Code § 3294. The named Defendants' actions were malicious and done willfully, in conscious disregard of the rights and safety of Plaintiff in that the actions were calculated to injure Plaintiff. As such, Plaintiff is entitled to recover, in addition to actual damages, punitive damages to punish Defendants and to deter them from engaging in future misconduct.

## SEVENTH CAUSE OF ACTION

## VIOLATIONS OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200 et seq.

### (Against all Defendants)

132.   Plaintiff incorporates here each and every allegation set forth above.

133.   Defendant BOA's violation of the Rosenthal Act, RESPA, its negligence, fraud and illegal foreclosure activities, as alleged herein, constitute unlawful, unfair, and/or fraudulent business practices, as defined in the California Business and Professions Code § 17200 et seq.

134.   Defendant AWL's violation of TILA, RESPA, its negligence, breach of fiduciary duty, fraud, breach of contract and breach of the implied covenant of good faith and fair dealing, as alleged herein, constitute unlawful, unfair, and/or fraudulent business practices, as defined in the California Business and Professions Code § 17200 et seq.

135.   Defendant Citi's violation of TILA, RESPA, its negligence, breach of fiduciary duty, fraud, breach of contract and breach of the implied covenant of good faith and fair dealing, as alleged herein, constitute unlawful, unfair, and/or fraudulent business practices, as defined in the California Business and Professions Code § 17200 et seq.

136.   Defendant MERS' negligence, fraud, and illegal foreclosure activities, as alleged herein, constitute unlawful, unfair, and/or fraudulent business practices, as defined in the California Business and Professions Code § 17200 et seq.

137.   Defendant Recontrust's negligence, fraud and illegal foreclosure activities, as alleged herein, constitute unlawful, unfair, and/or fraudulent business practices, as defined in the California Business and Professions Code § 17200 et seq.

138.   Defendant BNY's negligence, fraud and illegal foreclosure activities, as alleged

1   herein, constitute unlawful, unfair, and/or fraudulent business practices, as defined in the

2   California Business and Professions Code § 17200 et seq.

3       139.   Defendant Financial's negligence, breach of fiduciary duty, fraud, breach of

4   contract and breach of the implied covenant of good faith and fair dealing, as alleged herein,

5   constitute unlawful, unfair, and/or fraudulent business practices, as defined in the California

6   Business and Professions Code § 17200 et seq.

7       140.   Defendant Nguyen's negligence, breach of fiduciary duty, fraud, breach of contract

8   and breach of the implied covenant of good faith and fair dealing, as alleged herein, constitute

9   unlawful, unfair, and/or fraudulent business practices, as defined in the California Business and

10   Professions Code § 17200 et seq.

11       141.   Defendant Mendell's negligence, breach of fiduciary duty, fraud, breach of contract

12   and breach of the implied covenant of good faith and fair dealing, as alleged herein, constitute

13   unlawful, unfair, and/or fraudulent business practices, as defined in the California Business and

14   Professions Code § 17200 et seq.

15       142.   Defendant Miller's negligence, breach of fiduciary duty, fraud, breach of contract

16   and breach of the implied covenant of good faith and fair dealing, as alleged herein, constitute

17   unlawful, unfair, and/or fraudulent business practices, as defined in the California Business and

18   Professions Code § 17200 et seq.

19       143.   Defendant Angeles' negligence, breach of fiduciary duty, fraud, breach of contract

20   and breach of the implied covenant of good faith and fair dealing, as alleged herein, constitute

21   unlawful, unfair, and/or fraudulent business practices, as defined in the California Business and

22   Professions Code § 17200 et seq.

23       144.   As a result of Defendants' wrongful conduct, Plaintiff has suffered various

24   damages and injuries according to proof at trial.

25       145.   Plaintiff seeks injunctive relief enjoining Defendants from engaging in the unfair

26   business practices described herein.

27       146.   Plaintiff further seeks restitution, disgorgement of sums wrongfully obtained, costs

28   of suit, reasonable attorneys' fees, and such other and further relief as the Court may deem just and

1   proper.

## EIGHTH CAUSE OF ACTION

## BREACH OF CONTRACT

## OR

## IN THE ALTERNATIVE

## RESCISSION OF CONTRACT

### (Against Defendants Angeles, Nguyen, Mendell, Miller, AWL, and Citi)

8       147.    Plaintiff incorporates here each and every allegation set forth above.

9       148.    Plaintiff entered into an agreement with Defendants AWL, Citi, Angeles, Nguyen,

10   Mendell, and Miller, whereby Defendants promised to provide Plaintiff with an affordable loan.

11       149.    Plaintiff fully performed his duties under the contract with Defendants Angeles,

12   Nguyen, Mendell, Miller, AWL, and Citi.

13       150.    Defendants AWL, Citi, Angeles, Nguyen, Mendell, and Miller, breached their

14   agreement with Plaintiff when they sold Plaintiff two predatory loans with toxic terms.  Further,

15   Defendants AWL, Citi, Angeles, Nguyen, Mendell, and Miller, breached their agreement with

16   Plaintiff by failing to exercise reasonable efforts and due diligence as promised, thus failing to

17   provide Plaintiff with an affordable loan.  Defendants AWL, Citi, Angeles, Nguyen, Mendell, and

18   Miller, also breached their agreement with Plaintiff by committing wrongful acts, including but

19   not limited to, intentionally or negligently failing to obtain payment and interest rates as promised,

20   failing to submit an accurate loan application, failing to supervise, failing to provide loan

21   documents for Plaintiff's review prior to closing, and failing to explain the loan documents to the

22   Plaintiff.  Defendants further breached their duties when they failed to refinance the mortgage as

23   promised, resulting in Plaintiff's payments increasing substantially shortly after the two loan

24   agreements were signed.

25       151.    This breach by the Defendants Angeles, Nguyen, Mendell, Miller, AWL, and Citi

26   has sent Plaintiff into foreclosure instead of financing his mortgage as agreed.

27       152.    In the alternative, no contract existed between Plaintiff and Defendants Angeles,

28   Nguyen, Mendell, Miller, AWL, and Citi because of a mutual mistake relating to the basic or

1  material contractual terms alleged above.  This mutual mistake was not caused by Plaintiff's

2  neglect of his legal obligations.  Defendants Angeles, Nguyen, Mendell, Miller, AWL, and Citi

3  were aware of Plaintiff's mistaken belief with respect to the material terms alleged above, and

4  unfairly utilized that mistaken belief in a manner that enabled them to take advantage of the

5  Plaintiff.

6       153.    As a result of Defendants' wrongful conduct, Plaintiff has suffered various

7  damages and injuries according to proof at trial.

8       154.    Plaintiff further seeks rescission of the two loans, restitution, disgorgement of sums

9  wrongfully obtained, costs of suit, reasonable attorneys' fees, and such other and further relief as

10 the Court may deem just and proper.

## NINTH CAUSE OF ACTION

## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

### (Against Defendants Angeles, Nguyen, Mendell, Miller, AWL, and Citi)

14      155.    Plaintiff incorporates here each and every allegation set forth above.

15      156.    A duty of good faith and fair dealing was implied by law into the contract at issue

16 in this action at its inception.  Defendants Angeles', Nguyen's, Mendell's, Miller's, AWL's, and

17 Citi's duties of good faith and fair dealing included, but were not limited to, the following: (1)

18 Defendants had a duty to pay at least as much regard to Plaintiff's financial interests as to

19 Defendants' financial interests; (2) Defendants had a duty to comply with all applicable laws in the

20 State of California; (3) Defendants agreed to act in good faith and deal fairly with Plaintiff when

21 they entered into the mortgage and accepted payments from Plaintiff.  Defendants Angeles,

22 Nguyen, Mendell, Miller, AWL, and Citi thereby assumed obligations of good faith and fair

23 dealing toward Plaintiff and thereby agreed to abide by such obligations.

24      157.    Nevertheless, Defendants Angeles, Nguyen, Mendell, Miller, AWL, and Citi

25 breached the implied duty of good faith and fair dealing owed to Plaintiff by, among other things,

26 performing acts and failing to act as alleged herein, and by failing to perform the duties

27 specifically enumerated herein.

28      158.    Defendants Angeles, Nguyen, Mendell, Miller, AWL, and Citi further breached the

1 duty of good faith and fair dealing by:

2       a.      Failing to pay at least as much regard to Plaintiff's interests as to Defendants'

3             interests;

4       b.      Failing to disclose to Plaintiff the true nature of the two loans that are the subject

5             of this action;

6       c.      Failing to give Plaintiff the requisite notice and disclosures;

7       d.      Directing Plaintiff into two toxic loans.

8      159.     In the absence of a reasonable basis for doing so, and with full knowledge and

9 reckless disregard of the consequences, Defendants Angeles, Nguyen, Mendell, Miller, AWL, and

10 Citi acted in bad faith toward Plaintiff by, among other things, failing to comply with all

11 applicable laws.

12      160.     Plaintiff is informed and believes, and thereon alleges that Defendants Angeles,

13 Nguyen, Mendell, Miller, AWL, and Citi have a pattern and practice of similar bad faith conduct

14 toward other borrowers who are similarly situated.

15      161.     As a proximate result of Defendants Angeles', Nguyen's, Mendell's, Miller's,

16 AWL's, and Citi's breaches of the covenant of good faith and fair dealing alleged herein, Plaintiff

17 has suffered damages, incurred attorneys' fees and costs to recover the Property, suffered a loss of

18 reputation and goodwill, suffered emotional distress, and suffered other economic losses and

19 damages in amounts not yet fully ascertained but within the jurisdiction of this Court.

20      162.     Defendants Angeles, Nguyen, Mendell, Miller, AWL, and Citi pursued said course

21 of conduct intentionally and maliciously and in conscious disregard of the rights of the Plaintiff.

22 Further, Defendants Angeles', Nguyen's, Mendell's, Miller's, AWL's, and Citi's refusal to follow

23 through with their duty to assist Plaintiff was made with the intent to intimidate, vex and harass

24 Plaintiff so as to discourage him from pursuing his legal rights under the mortgage law.  In order

25 to deter such conduct of Defendants Angeles, Nguyen, Mendell, Miller, AWL, and Citi in the

26 future, and to prevent repetition thereof as a practice, by way of punishment and as example,

27 Plaintiff prays that exemplary damages be awarded according to proof at trial pursuant to

28 California Civil Code § 3294.

# TENTH CAUSE OF ACTION

## WRONGFUL FORECLOSURE

### (Against Defendants BOA, Citi, Recontrust, and MERS)

163.  Plaintiff incorporates here each and every allegation set forth above.

164.  California Commercial Code § 3301 specifically identifies the persons who are entitled to enforce a security interest by, among other means, instituting a foreclosure sale under a deed of trust. The statute is exclusive rather than inclusive in nature, and those who are not identified do not have the right to enforce such an interest.

165.  Defendants BOA, Citi, MERS, and Recontrust  were not, and are not, in possession of the Note, are not beneficiaries, assignees or employees of the person or entity in possession of the Note, and are not otherwise entitled to payment.  Defendants BOA, Citi, MERS, and Recontrust are not "person[s] entitled to enforce" the security interest on the Property, as that term is defined in Commercial Code § 3301.

166.  Accordingly, Defendants BOA, Citi, MERS, and Recontrust are not entitled to utilize California Civil Code § 2924 et seq. (California's non-judicial foreclosure scheme) to wrongfully convert Plaintiff's Property.

167.  In the Notice of Trustee Sale, Defendant Recontrust claims that it was the duly appointed Trustee pursuant to the Deed of Trust but fails to identify the holder of the beneficial interest. None of the Defendants are not in possession of the Note and, accordingly, none are not entitled to enforce the security interest on the Property.

168.  Given that none of the named Defendants ever acquired a right to enforce the Note and Deed of Trust due to defective transfers in this case, Defendants BOA, Citi, MERS, and Recontrust did not have the right to commence foreclosure proceedings and as a result recorded defective Notices of Default and Notices of Trustee's Sale, in direct violation of the requirements set forth in California Civil Code § 2923.5.  As a result, Plaintiff could not exercise their rights to investigate the circumstances of the foreclosure proceedings.

169.  Defendants BOA's, Citi's, MERS', and Recontrust's failure to comply with the statutory requirements denied Plaintiff the opportunity to exercise his statutory rights, which the

1  statute was specifically designed to protect.

2      170.    As a direct and proximate result of said Defendants' wrongful actions, Plaintiff has

3  suffered damages, including, but not limited to, direct monetary loss, consequential damages, and

4  emotional distress.

5      171.    In committing the wrongful acts alleged herein, said Defendants acted with malice,

6  oppression and fraud.  Said Defendants' willful conduct warrants an award of exemplary damages,

7  in an amount sufficient to punish the wrongful conduct and to deter such misconduct in the future.

8              **DEMAND FOR JURY TRIAL AND PRAYER FOR DAMAGES**

9      Plaintiff Martin V. Lobato demands a trial by jury.

10     WHEREFORE, Plaintiff prays for judgment and order against Defendants, as follows:

11     1.    That judgment be entered in Plaintiff's favor and against Defendants, and each of

12            them;

13     2.    For an order requiring Defendants to show cause, if they have any, why they should

14            not be enjoined as set forth below, during the pendency of the action;

15     3.    For a temporary restraining order, preliminary and permanent injunction preventing

16            Defendants, or anyone acting in concert with them, from collecting on the two

17            subject loans and from causing the Property to be sold, assigned or transferred to a

18            third party;

19     4.    For an order stating that Defendants engaged in unfair business practices;

20

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

5.  For damages, disgorgement, and injunctive relief under California's common and statutory law of unfair business practices;

6.  For compensatory and statutory damages, attorneys' fees and costs according to proof at trial;

7.  For exemplary damages in an amount sufficient to punish Defendants' wrongful conduct and deter future misconduct;

8.  For such other and further relief as the Court may deem just and proper.

DATED: January 8, 2010

Respectfully submitted,

SHARON L. LAPIN
Attorney for Plaintiff Martin V. Lobato