United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN V. LOBATO, | No. C 10-00106 WHA |
| Plaintiff, | |
| v. | **ORDER TO DISMISS** |
| BANK OF AMERICA FKA COUNTRYWIDE, CITIBANK, N.A., AMERICA'S WHOLESALE LENDER, CITIBANK (WEST), FSB, RECONSTRUCT COMPANY, N.A., THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS WALT, INC., ALTERNATIVE LOAN TRUST 2006-9TI MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-9TI, MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., NETWORK FINANCIAL SERVICES MORTGAGE, TUNG T. NGUYEN, GLENN ARTHUR MENDELL, DEREK JOHN MILLER, SERGIO ANGELES, and DOES 1–20, inclusive, | |
| Defendants. | |

Plaintiff Martin Lobato brought this action against numerous defendants relating to his home loan, federal-question jurisdiction being based on alleged violations of the Truth in Lending Act, 15 U.S.C. 1601 *et seq.*, and the Real Estate Settlement Procedures Act, 12 U.S.C. 2605 *et seq*. Plaintiff also asserted California state law claims for (1) negligence; (2) breach of fiduciary duty; (3) fraud; (4) breach of contract; (5) breach of the implied covenant of good faith and fair

dealing; (6) wrongful foreclosure; (7) violation of California Business and Professions Code; and (8) violation of the California Rosenthal Act.

Defendants Bank of America, N.A., Countrywide Home Loans, Inc., Reconstruct Company, N.A., Mortgage Electronic Registration Systems, Inc., and the Bank of New York noticed a motion to dismiss. In response, plaintiff filed a statement of non-opposition to defendants' motion to dismiss and submitted a request to dismiss his federal claims without prejudice. Plaintiff additionally requested that this Court decline to exercise supplemental jurisdiction and dismiss the remaining state law claims without prejudice, or alternatively grant plaintiff leave to amend. In the reply, defendants requested leave to file a motion for attorney's fees.

Following the statement of non-opposition, plaintiff filed a first amended complaint in which the original federal claims have been removed. Days before the hearing for the instant motion, defendants filed a motion to dismiss plaintiff's first amended complaint to be heard on June 17, 2010.

Within the statutory time frame, a party may amend its pleading once "as a matter of course." FRCP 15(a)(1). Rule 15(a)(1) provides that:

> A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Defendants have not yet filed an answer, but they filed their motion to dismiss plaintiff's complaint under Rule 12(b)(6) on March 15, 2010 (Dkt. No. 8). Plaintiff filed his statement of non-opposition and first amended complaint within the time required by the rule, on April 5, 2010 (Dkt. Nos. 15, 16). Plaintiff therefore may amend his complaint as a matter of course.

The first amended complaint contains only the remaining state law claims. As plaintiff does not oppose the dismissal of the federal claims, those claims are **DISMISSED WITH PREJUDICE.** In light of the amended complaint, plaintiff's state law claims remain. As to those claims, the motion to dismiss the amended complaint will be heard on June 17.

2

Without suggestion that such a motion would or would not be approved, defendants' requested leave to file a motion for attorney's fees is **GRANTED**.

**IT IS SO ORDERED.**

Dated: May 3, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE