IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARTIN V. LOBATO,

    Plaintiff,

v.

BANK OF AMERICA FKA COUNTRYWIDE, CITIBANK, N.A., AMERICA'S WHOLESALE LENDER, CITIBANK (WEST), FSB, RECONTRUST COMPANY, N.A., THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS WALT, INC., ALTERNATIVE LOAN TRUST 2006-9TI MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., NETWORK FINANCIAL SERVICES MORTGAGE, TUNG T. NGUYEN, GLENN ARTHUR MENDELL, DEREK JOHN MILLER, SERGIO ANGELES, and DOES 1–20, inclusive,

    Defendants.

                                         /

No. C 10-00106 WHA

**ORDER GRANTING MOTION TO DISMISS, AND DENYING MOTION FOR SANCTIONS AND MOTION TO STRIKE AS MOOT**

**INTRODUCTION**

This action involves eight state law claims relating to plaintiff's home loan. Defendants move for dismissal and sanctions. Plaintiff's first amended complaint dropped the only federal claims from this proceeding. There is no longer a basis for federal jurisdiction in this matter and this order declines to assert supplemental jurisdiction over plaintiff's remaining state law claims. Defendants' motion to dismiss is consequently **GRANTED**.

The undersigned has a strong suspicion that plaintiff's counsel has misused the court system in order to bilk struggling homeowners of attorney's fees. The sworn record, however,

is too thin to support a finding of subjective bad faith. Accordingly, defendants' motion for sanctions is **DENIED**. Counsel for plaintiff's motion to strike is **DENIED** as moot.

**STATEMENT**

This action challenges numerous defendants associated with a home loan. Plaintiff homeowner received a notice of default on his mortgage and foreclosure was initiated soon thereafter. Plaintiff's original complaint asserted California state law claims for negligence, fraud, breach of fiduciary duty, breach of contract, breach of the implied covenant of good faith and fair dealing, violation of the California Business & Professions Code, violation of the Rosenthal Fair Credit Reporting Act, and wrongful foreclosure. The original complaint also included claims for violations of the Truth in Lending Act, 15 U.S.C. 1601, *et seq.*, and the Real Estate Settlement Procedures Act, 12 U.S.C. 2605, *et seq.*, which established federal question jurisdiction for this proceeding.

Defendants Bank of America, N.A., Countrywide Home Loans, Inc., Recontrust Company, N.A., Mortgage Electronic Registration Systems, Inc., and the Bank of New York noticed a motion to dismiss. In response, plaintiff's counsel filed a statement of non-opposition concurrently with a request that the district court decline to exercise supplemental jurisdiction and dismiss the remaining state law claims without prejudice, or alternatively to grant plaintiff leave to amend. Plaintiff also filed a parallel first amended complaint "as a matter of course" per Rule 15(a)(1) omitting the originally pled federal claims. On May 3, an order dismissed the federal claims. Plaintiff's state law claims were not dismissed, however, due to the filing of the first amended complaint which continued to assert those claims.

In response, defendants noticed the instant motions to dismiss plaintiff's remaining state law claims and for sanctions in the form of attorney's fees pursuant to 28 U.S.C. 1927. Defendants contend that plaintiff's counsel has unreasonably and vexatiously increased the cost of litigation in these proceedings by filing the first amended complaint without any federal claims, suggesting that she should have filed a voluntary dismissal instead. Defendants further contend that plaintiff's counsel has employed a similar pattern of filings in 114 other substantially similar lawsuits.

2

Plaintiff's counsel, Sharon Lapin, responds to defendants' motion for sanctions in a memorandum of opposition, asserting that she has not acted in bad faith in these proceedings and that the papers filed herein have not been filed in order to vex or harass defendants. In the same memorandum, Attorney Lapin suggests that this Court can no longer exercise supplemental jurisdiction over plaintiff's remaining state law claims, since all of plaintiff's federal claims were dismissed on May 3.

On the eve of the hearing, defendants filed an unsolicited supplemental declaration in support of their motion for sanctions. Attorney Lapin was given an opportunity to respond, which she did, reiterating her opposition to sanctions and moving to strike certain elements of the supplemental declaration.

**ANALYSIS**

**1. MOTION TO DISMISS.**

A district court may decline to exercise supplemental jurisdiction over a state-law claim if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. 1367(c)(3). While the exercise of such discretion may not be taken lightly, the Ninth Circuit has determined that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Acri v. Varian Associates., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (internal citation omitted).

So too here. Plaintiff filed a statement of non-opposition to defendants' motion to dismiss and submitted a request to have his federal claims dismissed. Those claims were consequently dismissed in the May 3 order. Following the statement of non-opposition, plaintiff filed a first amended complaint in which his originally pled federal claims were omitted. Plaintiff does not oppose the dismissal of his remaining state-law claims. Accordingly, all of plaintiff's remaining claims are dismissed.

**2. MOTION FOR SANCTIONS.**

Section 1927 provides, in relevant part: "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy

3

1  personally the excess costs, and attorney's fees reasonably incurred because of such conduct."
2  Sanctions pursuant to Section 1927 "must be supported by a finding of subjective bad faith."
3  *In re Keegan Management Co.*, 78 F.3d 431, 436 (9th Cir. 1996) (internal citations omitted).
4  The Ninth Circuit has elaborated on this point, that an attorney's bad faith is evaluated under a
5  subjective standard, and has held that an attorney's "knowing or reckless conduct meets [that]
6  standard." *Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir.
7  2000) (internal citations omitted).

8  The undersigned judge strongly suspects that Attorney Lapin has misused the court system
9  for the purpose of merely putting on a show of litigating on behalf of distressed clients in order to
10  collect fees from them, all to the harassment of the defendants.  Suspicions are not sufficient to
11  warrant imposition of Section 1927 sanctions, however, and the sworn record here is too thin to
12  support a finding that subjective bad faith has motivated Attorney Lapin's conduct in this
13  proceeding.

14  In their motion for sanctions, defendants fail to cite to a single authority in support of their
15  request, save for Section 1927 itself.  Defendants do assert some relevant case law in their reply
16  to Attorney Lapin's opposition, though only in order to correct what they believed to be the
17  inaccurate assertions of governing law proffered by Attorney Lapin.  Critically, defendants do
18  not demonstrate that there is any connection between Attorney Lapin's conduct and the standard
19  for imposing sanctions; instead of explaining *why* Attorney Lapin's conduct is sanctionable,
20  defendants merely state *what* Attorney Lapin did.  In this proceeding, what Attorney Lapin did,
21  was to file a first amended complaint where a voluntary dismissal would arguably have been more
22  appropriate.

23  Defendants' declarations are similarly empty.  In the first declaration, the undersigned
24  was informed that Attorney Lapin (1) was a contract attorney for an organization run by James
25  Sandison; (2) has stated that she doesn't keep records in the cases that she files; and (3) often
26  doesn't speak with her clients.  Much more ink was devoted to list their billable time spent
27  defending this suit.  The supplemental declaration goes in another direction entirely, noting
28  that Mr. Sandison's organization is being investigated by the California State Bar, and that

4

1 Mr. Sandison himself should be sanctioned. Section 1927 sanctions are not imposed because of
2 state bar investigations or because an attorney says that she often does not meet with her clients.
3 Section 1927 sanctions are imposed because a court finds subjective bad faith in the conduct of an
4 attorney appearing before it. Defendants fail to make any arguments supporting such a finding.

What a shame. This suit has brought no real help to a homeowner struggling with foreclosure during one of the worst economic crises in decades. The same is likely true for the 114 other homeowners whose complaints have been filed by Attorney Lapin since August of 2009. If defendants' counsel wanted sanctions (which possibly they actually deserve), they should have dotted their i's and crossed their t's, *i.e.*, prepared a thorough motion rather than hope that the Court would do their work for them. Next time perhaps they will do a proper job, but this case is over. Accordingly, defendants' motion for sanctions is denied.

**3. MOTION TO STRIKE.**

In her response to the supplemental declaration in support of sanctions, Attorney Lapin moves to strike certain elements of the declaration as hearsay. This order, however, denies defendants' motion for sanctions and does not rely on the supplemental declaration. The motion to strike is therefore moot and denied.

**CONCLUSION**

This order declines to assert supplemental jurisdiction over plaintiff's remaining claims and defendants' motion to dismiss plaintiff's remaining claims is **GRANTED**. Defendants' motion for sanctions is **DENIED**. Plaintiff's counsel's motion to strike is **DENIED** as moot. **THE CLERK SHALL CLOSE THE FILE**.

**IT IS SO ORDERED.**

Dated: July 12, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5